LYFORD *versus* ROSS *&* al.

One who holds a mortgage of land made to a third person, together with the notes secured by it, can maintain no action at law upon the mortgage, unless the same had been assigned in writing.

ON FACTS AGREED at *Nisi Prius.*

WRIT OF ENTRY, with plea of *nul* disseizin.

The tenants have no title.

The land was formerly mortgaged by Dodge & Dodge to one Rangeley. The notes secured by the mortgage were duly indorsed to the demandant, and are unpaid. The mortgage was also, at the same time, delivered to the demandant. The notes and the mortgage are his property, but the mortgage was not assigned by any writing.

*May* and *Linscott,* for the demandant.

The question is whether the demandant, with an *equitable right,* can recover against the tenants, who have *no kind of*

*right;* in other words, whether an *equitable right* is better than *no right.*

We respectfully submit that, *between parties so situated,* the action is with the demandant. *Martin* v. *Mowlin,* 2 Burr. 978; *Green* v. *Hart,* 1 Johns. 580; *Jackson* v. *Blodgett,* 5 Cow. 202; *Jackson* v. *Willard,* 4 Johns. 43; *Clearwater* v. *Rose,* 1 Blackf. 137; Powell on Mortgages, 187; *Southerin* v. *Mendum,* 5 N. H. 420.

*Sherburne,* for the tenants, cited *Prescott* v. *Ellingwood,* 23 Maine, 345; *Vose* v. *Handy,* 2 Maine, 322; *Warden* v. *Adams,* 15 Mass. 233.

SHEPLEY, C. J.—It is well known, that there is a difference of opinion, whether a mortgage of real estate is to be regarded as a security merely and not as a conveyance within the statute of frauds, and therefore assignable without any instrument in writing by delivery only.

The decisions in this State have followed those of Massachusetts, and the question might be considered at rest here without reference to any statute provisions. *Vose* v. *Handy,* 2 Greenl. 322; *Prescott* v. *Ellingwood,* 23 Maine, 345.

Mortgages in this State may be foreclosed without any judicial proceedings by acts *in pais;* and if they were not regarded as within the statute of frauds, titles to real estate could be transferred without operation of law or any deed of conveyance. The registry with the records of the courts would no longer afford information, in which confidence could be placed, respecting titles. Nor would mortgagers or their grantees be able to ascertain with certainty to whom performance should be made or tendered to redeem their estates.

The tenant has no title to the land demanded, but the demandant must recover upon the strength of his own title.

It is provided by statute, c. 91, sect. 30, that "no estate or interest in lands shall be granted, assigned or surrendered, unless by some writing signed as aforesaid, or by operation of law;" and it is difficult to perceive, how the Court could decide, that the demandant has a legal title to, or interest in,

the land demanded, without disregarding this provision of the statute.                          *Demandant nonsuited.*